IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT MILLER | § | |
| VS. | § | CIVIL ACTION NO.   1:19-CV-175 |
| BRIAN COLLIER, ET AL. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Robert Miller, a prisoner currently confined at the Skyview Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Brian Collier, William Jones, and Lorenzo Bustos.

Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et seq*., under which this case is brought, does not contain a specific venue provision.  Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972); *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.  However, under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiff's claims arose at the Hodge Unit, which is located in the Tyler Division of the Eastern District of Texas.  The court has considered the circumstances and determined that the

interests of justice would be served by transferring the complaint to the Tyler Division. It is accordingly

ORDERED that this civil rights action is **TRANSFERRED** to the Tyler Division of the United States District Court for the Eastern District of Texas.

**SIGNED this the 3rd day of May, 2019.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE